8

*Peery* and *Miller* for plaintiff.
*Bassett, Wilson* and *Vining* for defendant.

## SARAH COLLINS v. JOSHUA HALL.

Court of Common Pleas.   November, 1793.

*Wilson's Red Book, 4.**

---

* This case is also reported in *Bayard's Notebook, 8; Miller's Notebook, 14.*

*Peery,* for plaintiff, said under the Act of Assembly (2 Body Laws 48) it should be proved the witness was sick or out of the reach of process.

*Miller,* for defendant, said the former judges of this court refused to act under and be bound by that Act of Assembly; and *Reed,* for defendant, by that Act this cause must be struck off etc.

PER CURIAM. We shall consider ourselves bound by this Act of Assembly, where the cause has not stood past the third term, but if it is past that term it stands upon the docket by consent. And in all cases where affidavit is required we will not dispense with it, that the proceedings may appear hereafter.

The cause was put off until the Monday following I think, by consent.

At the trial plaintiff produced a negro man, and although her counsel insisted it lay upon the defendant to prove him a slave etc., yet she proved his grandmother born free and in the Maryland State.

*Bayard* and *Reed* urged that the witness was excluded by the spirit of the Act of Assembly, *vide* 2 Body Laws 226, [800] [1] and the fourth Article, Constitution.

Court inclined that the word "issue" in the Act extended to any distance in the lines of ascent and descent and said the Negro was excluded by the policy of our laws—they cannot vote— whip a white man—etc., etc.

Verdict for plaintiff on the first, second and fourth counts (and contingent damages one shilling on the third, fifth and sixth) and damages £30.

October, 1794. Judgment was given by defendant on the demurrer without argument.

---

[1] The manuscript citation also contains the reference "2 Body Laws 181" which appears to be erroneous.